IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| KENNY DAVIS, | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. 4:24-cv-732-O-BP |
| WALMART SUPERCENTER, | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

In this case, Plaintiff Kenny Davis, proceeding *pro se*, has filed a civil case along with motion for leave to proceed in forma pauperis. ECF Nos. 1, 2. The undersigned was preliminarily assigned to the case pursuant to 28 U.S.C. § 636(b) and Special Order No. 3. The findings, conclusions, and recommendation of the United States Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

A.   NATURE OF THE CASE

This case is a new civil action.

B.   PARTIES

Kenny Davis is the plaintiff. He named as defendant Walmart Supercenter. ECF No. 1.

C.   LEGAL ANALYSIS

Plaintiff accompanied his complaint with a long-from motion to proceed in forma pauperis under 28 U.S.C. § 1915 *et. seq.* ECF No. 2. Whether to permit or deny an applicant to proceed *in forma pauperis* ("IFP") is within the sound discretion of the Court. 28 U.S.C. § 1915(a); *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). Courts should make the determination of financial ability after considering whether payment of the filing fee will result in the plaintiff "suffering

undue financial hardship." *Prows*, 842 F.2d at 140. "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.*

The Court previously reviewed Davis's financial status, and upon that review, determined that Davis had sufficient recourse to pay the applicable fees. He has since filed a "response," effectively contesting and seeking a reconsideration of the court's recommendation, ECF No. 5. As noted, in his financial affidavit, Plaintiff declares that he receives a total of $1,541 in monthly disability income. ECF No. 2.

Courts consistently consider disability type benefit payments, in making the in-forma-pauperis determination. *See, e.g., Castillo v. Blanco,* 330 F. App'x 463, 464 (5th Cir. 2009) (affirming denial of in forma pauperis where income included disability and workers' compensation payments); *Cornish v. Tex. Dept. of Protective and Regulatory Servs.,* No. 3:04-cv-969-K, 2004 WL 1305809, at *1 (N.D. Tex. June 10, 2004), *and rec. adopted,* 2004 WL 1819018 (Aug. 12, 2004); *Grant v. Shiflett,* No. 3:03-cv-1959-R, 2003 WL 22466210, at *1 (N.D. Tex. Oct. 23, 2004), *rec. adopted,* 2004 WL 1819108 (Nov. 12, 2004); *Ponder v. Schultz,* No. 3:02-cv-1353-P, 2002 WL 3114054, at *2 (N.D. Tex. Sept. 20, 2002).

Plaintiff has listed no dependents. ECF No. 3. The Department of Health and Human Services poverty guidelines for 2024 establish a guideline for a one-person household of $15,060. DEP'T OF HEALTH & HUMAN SERV., POVERTY GUIDELINES (Jan. 2024), https://aspe.hhs.gov/topics/poverty-guidelines. Plaintiff's annual income of $18,492 ($1,541 x 12) is several thousand dollars above the poverty level. Therefore, after consideration of the Plaintiff's application and financial circumstances, the undersigned finds that Plaintiff has the resources to pay the applicable fees. In addition to the filing fee of $350, the District Court Miscellaneous Fee Schedule requires payment of an administrative fee for filing a civil action in district court of $55. *See* 28 U.S.C.§

1914(a) and District Court Miscellaneous Fee Schedule, note 14.

## RECOMMENDATION

It is, therefore, **RECOMMENDED** that United States District Judge Reed O'Connor **DENY** Plaintiff's motion to proceed in forma pauperis.

It is further **RECOMMENDED** that Judge O'Connor inform Plaintiff that his complaint will be subject to dismissal without further notice under Federal Rule of Civil Procedure 41(b) unless Plaintiff pays to the clerk of Court the applicable filing and administrative fees of $405.00 within fourteen (14) days after his order.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a de novo determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute* 28 U.S.C. § 636(b)(1) (extending the deadline to file objections from ten to fourteen days).

**SIGNED** on August 16, 2024.

                                                Hal R. Ray, Jr.
                                                UNITED STATES MAGISTRATE JUDGE